NOT DESIGNATED FOR PUBLICATION

No. 115,225

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT P. WASHINGTON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed May 26, 2017. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.


*Per Curiam*:   Robert P. Washington appeals his conviction for traffic in contraband in a correctional facility, arguing that the State did not present sufficient evidence of his possession of the contraband. In order to convict a defendant for traffic in contraband in a correctional institution under K.S.A. 2016 Supp. 21-5914(a)(3), the State had to prove that the defendant possessed the contraband. The State presented evidence that the contraband—a cell phone—was found on a desk attached to Washington's bunk, beneath Washington's books, and next to Washington's mail. While Washington disputes that the bunk, books, and mail are his, this court cannot reweigh the evidence or the credibility of witnesses. We therefore affirm the district court.

1

Cell phones are contraband in prison. An informant told Tomas Zamora, a special agent investigator at Lansing Correctional Facility, about a possible cell phone in one of the inmates' cells. Zamora ordered Anthony McCurrie and Bryan Gill, two members of a special security unit known as Shakedown, to search Washington's cell. McCurrie and Gill did not know what they were looking for or why the cell was targeted.

When the officers reached Washington's pod, which is a central area surrounded by inmates' cells, McCurrie observed Washington exiting his cell. The cell has a bunk bed, and each bunk has a flat, desk-style attachment where inmates put things. McCurrie began his search by looking around the top bunk. On the desk attached to the top bunk, McCurrie found a television, mail, and a stack of books. Underneath the pile of books McCurrie found a cell phone. The mail had Washington's name and inmate number on it, so McCurrie identified the bunk as Washington's. Washington's name was on the top of the nameplate outside of the cell, which also indicated that the top bunk was his. McCurrie bagged the cell phone and took it to the prison's investigation team.

In August 2014, the State charged Washington with traffic in contraband in a correctional institution, a severity level 6 nonperson felony. At trial, Washington denied that the bunk, television, books, mail, and cell phone were his. Washington and his cellmate testified that they would switch bunks occasionally, even though switching violated prison rules. Evidence showed that the television was not owned by Washington or his cellmate. Washington also presented evidence that, a little over a year before the search, all but three of his books had been confiscated. He argued that the books covering the cell phone could not have been his. Washington denied leaving his mail out on the desk because "it often happens that people steal people's letters and they write your family members or people you know, and that creates problems." The officers did not photograph the cell or check the books to verify they were Washington's.

The jury found Washington guilty of traffic in contraband in a correctional institution. Due to his criminal history score of B, the district court sentenced Washington to serve an additional 39 months in prison.

Washington appeals.

WAS THERE SUFFICIENT EVIDENCE TO CONVICT WASHINGTON?

Washington argues that the State failed to establish every element of trafficking in contraband in a correctional facility, specifically the element that Washington had knowledge of or intent to possess the cell phone.

The trial court instructed the jury that

"[t]he defendant is charged with traffic in contraband in a correctional institution. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved: (1) the defendant had the unauthorized possession of a cell phone while in a correctional institution; (2) the defendant did so intentionally; (3) the defendant acted without the consent of the administrator of the correctional institution; (4) this act occurred on or about the 2nd day of June, 2014, in Leavenworth County, Kansas.

"*Possession* means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

Washington argues that this court's standard of review on this issue should be unlimited because it requires the interpretation of the elements of traffic in contraband in a correctional institution. The State argues that the standard used for challenges based on sufficiency of the evidence should apply. Under the sufficiency of the evidence standard, an appellate court views all evidence in the light most favorable to the State to determine

3

whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). "In reviewing the sufficiency of the evidence, we do not reweigh the evidence or evaluate the credibility of witnesses." *State v. Hall*, 292 Kan. 841, 859, 257 P.3d 272 (2011). Because Washington's argument addresses sufficiency of the evidence, the latter standard applies.

Washington cites *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), to support his argument that the evidence linking him to the cell phone was insufficient. Keel appealed his convictions of possession of methamphetamine and drug paraphernalia, arguing that the State failed to present sufficient evidence to show he had constructive possession of the drugs and paraphernalia found in the residence he and his girlfriend shared. The Kansas Supreme Court stated that when "a defendant does not have exclusive control of the premises upon which drugs are found, 'more than mere presence or access to the drugs has been required to sustain a conviction.'" 302 Kan. at 567 (quoting *State v. Cruz*, 15 Kan. App. 2d 476, 489, 809 P.2d 1233, *rev. denied* 249 Kan. 777 [1991]). Other incriminating factors must link the defendant to the contraband, including "(1) the defendant's previous sale or use of narcotics; (2) the defendant's proximity to the area in which the drugs were found; (3) the fact that the drugs were found in plain view; and (4) the defendant's incriminating statements or suspicious behavior. [Citation omitted.]" 302 Kan. at 567-68.

Here, Washington did not have exclusive control of his cell; he shared the cell with another inmate. Additionally, the evidence was that, although it was against the rules, other inmates also had the ability to enter the cell. Thus, the State needed to show that other incriminating factors tied Washington to the cell phone. Washington argues that the four factors cited in *Keel* do not support a finding that he possessed contraband: (1) He did not have a history of trafficking in contraband; (2) Washington was not next to the phone but was exiting the cell when officers approached; (3) the phone was not found in plain view; and (4) there was no evidence that he made incriminating statements or

4

acted suspiciously. Washington argues that because the incriminating factors cited in *Keel* were not present, the State convinced the jury that he was guilty simply because he lived where the cell phone was found.

Washington's argument is not persuasive. The list of incriminating factors in *Keel* is not exclusive. The *Keel* court stated that incriminating factors "include" the four factors cited, not that the incriminating factors are limited to the four in the list. 302 Kan. at 567. Keel was not charged with possession of contraband in the prison context, and it does not make sense to require evidence that would support the *Keel* factors here. For example, an inmate is much less likely to leave contraband in plain view than a person would in a more private setting, such as a house. The fact that the cell phone in this case was not in plain view could be evidence that Washington was attempting to conceal an item he knew was contraband. The fact that Washington does not have any previous trafficking convictions is not significant because cell phones are not considered contraband outside of prison.

While the *Keel* factors do not necessarily support Washington's conviction, there were other incriminating factors sufficient to tie Washington to possession of the cell phone. Officer McCurrie testified that the top bunk belonged to Washington. McCurrie found the cell phone on the desk attached to the top bunk. Washington's books were on top of the phone, and his mail was on the desk. Washington disputed that the bunk, books, and mail were his, but the jury chose to believe McCurrie's testimony. This court cannot reevaluate the credibility of witnesses or reweigh the evidence. *Hall*, 292 Kan. at 859. Viewing the evidence in the light most favorable to the State, sufficient evidence was presented to support Washington's conviction.

Affirmed.

5